UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-48-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| ERIC LAMONT SALVANT ) | |
| ) | |

The Grand Jury charges that:

### COUNT ONE

1. Beginning on or about August 1, 2023, and continuing until at least on or about November 15, 2023, both dates being approximate and inclusive, in the Eastern District of North Carolina, the defendant, ERIC LAMONT SALVANT, unlawfully had in his possession, letters and mail, and articles and things contained therein, which were stolen, taken, and abstracted from an authorized depository for mail matter, knowing the same to have been stolen, taken, and abstracted from an authorized depository, in violation of Title 18, United States Code, Sections 1708 and 2.

### COUNT TWO

2. Paragraph 1 is realleged as factual allegations and incorporated by reference as though fully set forth herein.

3. From at least on or about September 1, 2023, and continuing until at least on or about November 15, 2023, both dates being approximate and inclusive, in

the Eastern District of North Carolina and elsewhere, the defendant, ERIC LAMONT SALVANT, did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly execute and attempt to execute a scheme and artifice to defraud financial institutions and to obtain any moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(1) and (2).

## Purpose of the Conspiracy

4. It was the purpose and object of the conspiracy was for the conspirators to financially benefit from altering stolen checks and depositing them into bank accounts under their control.

## Manner and Means of the Conspiracy

The manner and means used to effect and accomplish the purpose of the conspiracy included, but were not limited to, the following:

5. The prior paragraphs of this Indictment are realleged as factual allegations and incorporated by reference as though fully set forth herein.

6. The Defendant and his co-conspirators obtained stolen checks from mailboxes located in and around the Eastern District of North Carolina and elsewhere. The Defendant also purchased legitimate checks online that were stolen from mailboxes located outside the Eastern District of North Carolina.

7. The Defendant recruited others to provide access to their personal bank accounts for use in the scheme. The Defendant and his co-conspirators then altered— or "washed"— the stolen checks to increase the amounts payable and to reflect the names of the co-conspirators who provided access to their bank accounts for use in the scheme, commonly referred to as "money mules." The Defendant also used computer software to create new counterfeit checks by using information taken from legitimate checks, including the payor name, bank number, and routing number.

8. The Defendant and his co-conspirators obtained, possessed, and used the debit cards for the money mule accounts and associated PIN numbers for access and withdrawal purposes.

9. The Defendant and the co-conspirators deposited the fraudulent checks into the money mule accounts at various bank branch locations and ATMs. After the checks were deposited, the Defendant and the co-conspirators withdrew, and attempted to withdraw, all or part of the criminal proceeds in cash.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS THREE AND FOUR

10. Beginning on or about August 30, 2023, and continuing until on or about November 15, 2023, both dates being approximate and inclusive, within the Eastern District of North Carolina and elsewhere, the defendant, ERIC LAMONT SALVANT, aiding and abetting others known to the grand jury, knowingly executed and attempted to execute a scheme and artifice to defraud and to obtain any of the moneys, funds, credits, assets, and securities owned by and under the custody and

3

control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

11. The prior paragraphs of this Indictment are realleged as factual allegations and incorporated by reference as though fully set forth herein.

12. SALVANT and the co-conspirators created, and caused to be created, the fraudulent checks referenced in the table below. SALVANT then caused the fraudulent checks to be deposited into the Navy Federal Credit Union ("NFCU") accounts referenced in the table below.

13. NFCU is a "financial institution" as that term is defined under Title 18, United States Code, Section 20, and is federally insured by the National Credit Union Administration.

## EXECUTION OF THE SCHEME

14. On or about the dates set forth in the table below, each entry constituting a separate count of this Indictment, within the Eastern District of North Carolina and elsewhere, the Defendant, ERIC LAMONT SALVANT, aiding and abetting others known to the grand jury, executed and attempted to execute the scheme and artifice described above, in that, for each financial institution referenced below, SALVANT caused to be transmitted the fraudulent checks referenced below:

| COUNT | DATE | FINANCIAL INSTITUTION | FRAUDULENT CHECK |
|---|---|---|---|
| Three | 8/30/23 | NFCU | $14,811.52 check deposited into the NFCU account of C.W. |
| Four | 11/15/23 | NFCU | $8,812.42 check deposited into the NFCU account of J.T. |

4

Each of the transactions identified in the foregoing table constituting a separate violation of Title 18, United States Code, Sections 1344 and 2.

[Remainder of page intentionally left blank]

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of, or conspiracy to violate, Section(s) 215, 656, 657, 1006, 1007, 1014, 1341, 1343, or 1344 of Title 18 of the United States Code affecting a financial institution, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Date: 20 Feb 25

DANIEL P. BUBAR
Acting United States Attorney

*/s/ Lisa K. Labresh*

LISA K. LABRESH
Special Assistant United States Attorney